Dayton v. Warne.

---

### JOHN H. DAYTON ET AL. v. ABRAHAM WARNE.

1. Where a private agent does not attempt, in a sealed instrument, to bind his principal, and, in terms, imposes the obligation on himself, the rule is that he incurs by such act a personal liability, although he describes himself as agent.
2. The obligatory clause of a bond bound, the defendants, trustees, &c., of a church, their successors and assigns, to pay to the plaintiff a certain sum, to which payment the obligors bound themselves, and each of them, their heirs, executors and administrators, jointly and severally, the condition being that said obligors, "trustees as aforesaid, their successors and assigns," should pay, &c.  *Held,* that this was the personal bond of the individuals named, and not of the corporation.

---

On error to the Supreme Court.

The action below was brought upon a bond, of which the following is a true copy:

"Know all men by these presents, that we, Timothy Wood, John H. Dayton, Enoch R. Hardy, William H. Lamberson and Hezekiah Warne, trustees of the Methodist Episcopal Church of Jacksonville, their successors and assigns, all of the county of Middlesex, and State of New Jersey, are held and firmly bound unto Abraham Warne, of the same place, in the sum of sixteen hundred dollars, lawful money of the United States of America, to be paid to the said Abraham Warne, or to his certain attorney, executors, administrators or assigns, for which payment well and truly to be made, we bind ourselves our and each of our heirs, executors, administrators, jointly and severally firmly by these presents.

"Sealed with our seals and dated the first day of February, in the year of our Lord one thousand eight hundred and sixty-nine.

"The condition of this obligation is such that if the above-bounden Timothy Wood, John H. Dayton, Enoch R. Hardy, William H. Lamberson and Hezekiah Warne, trustees as aforesaid, their successors and assigns, or any of them, shall and do well and truly pay or cause to be paid unto the above-mentioned Abraham Warne, or to his certain attorney, executors, administrators or assigns, the just and full sum of eight hundred dollars lawful money aforesaid, in one year from the date hereof, with interest for the same at the rate of seven per cent. per annum from the date hereof, without any fraud or other delay, then this obligation to be void, or else to be and remain in full force and virtue.

"Sealed and delivered in the presence of

| (Signed) | "TIMOTHY WOOD. | [L. S.] |
|----------|----------------|---------|
|          | "JOHN H. DAYTON. | [L. S.] |
|          | "ENOCH R. HARDY. | [L. S.] |
|          | "WM. H. LAMBERSON. | [L. S.] |
|          | "HEZEKIAH WARNE." | [L. S.] |

For the plaintiff in error, *A. V. Schenck.*

For the defendant in error, *Woodbridge Strong.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a plain case. The single question put in debate is whether the bond in suit is the deed of the plaintiffs in error. Taken in its terms, this instrument does not, even by the faintest hint, purport to bind the corporation of which the defendants were trustees. They bind themselves, their heirs, executors and administrators, jointly and severally, and they sign and seal the paper as individuals. They describe themselves as trustees, and in a rude form, say they bind their successors and assigns. But

how does this conflict with the personal obligation which, in express words, they put upon themselves? Even though they occupy the office of trustees, they have still the capacity to contract as unofficial persons, and binding themselves as individuals they may still wish to bind their successors. Looking at this instrument, another thing is also certain, that it is not the obligation of the corporation; if the defendants are not bound, the bond is a nullity.

If it were proper, which I think it is not, to settle this question in accordance with what the parties to it intended, I should have no doubt as to the responsibility of the defendants, for the conventional language is entirely unambiguous and leads to that result. But the case, I think, should be regarded as standing in a class which does not belong to the field of controversy. When a private agent does not attempt, in a sealed instrument, to bind his principal, and, in terms, imposes the obligation on himself, I regard the rule as entirely settled that he incurs by such act a personal liability. Chief Justice Gibson, in *Hopkins* v. *Mehaffey*, 11 *Serg. & R.* 126, says that such is the legal result and such agent is liable on his express covenant, although he describe himself as contracting for and on behalf of his principal. That this is the English rule appears to be evidenced by a uniform train of decisions beginning with *Combes' Case* reported by Lord Coke, 9 *Rep.* 75, down to the recent case of *Furnivall* v. *Coombes*, 5 *Man. & Gr.* 736. This last case is strikingly indicative of the strength of the rule above asserted, and is closely in point with respect to the language creating the personal obligation. The indenture in that case related to the doing of repairs on a parish church, and the defendants covenanted "for themselves and for their successors, church wardens and overseers of the said parish, and their assigns." After this covenant thus expressed, there was a proviso to the effect that nothing in this instrument should be construed as imposing any personal covenant or obligation upon the persons executing; but the court held that as a personal obligation was clearly created in the obligatory part of the bond, the proviso was void on the

ground of repugnancy, and held the defendants individually liable. The great bulk of the decisions in this country rest on this same ground. Many of them will be found collected in 1 *Am. L. C.* 608, in note to the case of Elwell *v.* Shaw,. *Thomp. Liability of Officers and Agents* 100 ; see, also, *Sheldon* v. *Dunlap,* 1 *Harr.* 245 ; *Den* v. *Hay,* 1 *Zab.* 174 ; *Brown* ads. *Combs,* 5 *Dutcher* 36.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—13.

*For reversal*—None.